## BRANNEN v. McCARLEY.

(Court of Civil Appeals of Texas. El Paso. March 28, 1910.)

LANDLORD AND TENANT (§ 48*)—BREACH OF CONTRACT BY LESSOR—INSTRUCTIONS—DAMAGES.

In an action for defendant's failure to furnish plaintiff all of an agreed number of acres for the raising of a crop, it was not error for the court to refuse to instruct the jury to deduct from the damages an amount which plaintiff was shown to have earned or by the use of diligence might have earned by engaging in a similar or different business, and to instruct that, if defendant tendered plaintiff certain other land on which plaintiff could have raised the crop, they should deduct from the damages the net value of the crop plaintiffs would probably have raised on the land tendered, and also that, if the other land was less desirable in location and plaintiff declined to accept it, it would relieve defendant in part from the full amount of damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 114–116; Dec. Dig. § 48.*]

Error from Stonewall County Court; T. E. Knight, Special Judge.

Action by T. J. McCarley against H. L. Brannen. Judgment for plaintiff, and defendant brings error. Affirmed.

W. T. Daniel, of Aspermont, and Jas. P. Kinnard, of Haskell, for plaintiff in error. R. M. Reed, of El Paso, and Ernest Herring and J. M. Carter, both of Aspermont, for defendant in error.

McKENZIE, J. Defendant in error, the plaintiff below, brought this suit to recover of plaintiff in error, the defendant below, damages for the breach of a rental contract. In his petition plaintiff alleged that defendant rented him for the year 1907, 60 acres of land for farming purposes, 40 acres of which was in cultivation and hereinafter designated as old land, and 20 acres raw or sod land, which raw or sod land was to be prepared ready for the plow by the defendant in time for planting a crop for that year, said land hereinafter designated as new land. The parties at the time of making the contract agreed upon the particular land embraced in the rental contract. For the old land plaintiff was to pay defendant as rental a third of the grain and a fourth of the cotton, and as a consideration for the cultivation of the new land for that year the plaintiff was to have all the crop raised thereon rent free. The breach of the contract was caused by the failure of the defendant to furnish the plaintiff 13 acres of the new

land contracted for. The defendant answered by general demurrer, general denial, and specially that the contract as between plaintiff and himself did not contemplate any exact number of acres; that he did furnish the old land contracted for, and about eight or ten acres of the new land; and that he tendered to plaintiff 20 acres of other new land, convenient to plaintiff for cultivation and ready for the plow, which tender was made in lieu of the new land which defendant had agreed to furnish as provided for in the rental contract, but plaintiff refused to accept or cultivate same. Trial was had before a jury, resulting in a verdict for plaintiff, upon which verdict judgment was duly entered.

Under plaintiff's first assignment of error he contends that the court erred in its charge to the jury upon the measure of damages, in that the charge failed to instruct the jury that they should deduct from any damages they should find for plaintiff, on account of the breach of the contract, the amount which plaintiff was shown to have earned, or by the use of reasonable diligence might have earned by engaging in a similar or different business, after the breach. Without copying the court's charge, it is sufficient to say that it complies with the rule governing the measure of damages applicable to cases of this kind. As stated, the specific complaint in the assignment of error is the failure of the court to instruct the jury to deduct from the damages for the breach of the contract an amount which plaintiff was shown to have earned, or by the use of reasonable diligence he might have earned by engaging in a similar or different business, after the breach. The defendant pleaded a tender of 20 acres of new land ready for the plow as a defense and as mitigation of damages for any breach of the contract. In rebuttal plaintiff offered testimony to show that the 20 acres so tendered was inferior in quality, and not conveniently located for him to cultivate. The court upon the issue of tender charged the jury, in effect, that if they found that defendant tendered plaintiff land convenient and ready for the plow, on which plaintiff could have raised a cotton crop during said year, they should deduct from the damages sustained by plaintiff the net value of the cotton crop plaintiff would have probably raised on the land tendered; also, the court gave to the jury defendant's requested charge, as follows: "If you believe from the evidence that defendant agreed to furnish plaintiff a certain number of acres of sod (new) land and failed to do so, but that he did tender to him in proper time other sod (new) land, less desirable in location, and that plaintiff declined to accept same, then this would relieve the defendant in part from the full amount of damages that could be recovered if no land at all had been furnished plaintiff." No complaint of the charge of the court upon the issue of tender is made. It is evident that the purpose of the tender by defendant of the 20 acres of new land was to save the plaintiff any damages which would follow because of defendant's failure to make delivery of the land contracted for, and, in view of the issue as raised, the net value of the crop which the plaintiff would reasonably be expected to raise upon the land tendered in the charge of the court was made to offset the net value of the crop which plaintiff would reasonably be expected to have raised upon the land which defendant failed to deliver. To determine this net value, the jury was required to deduct from the gross value of the crop which plaintiff would reasonably be expected to have raised upon the land tendered the expense and labor reasonably necessary to seed, plant, cultivate, harvest, and market said crop. In the absence of testimony, the presumption would be that the cost for producing a crop on the one tract would be the same as the cost of producing a crop on the other. In both cases, to determine the net value of the crop plaintiff would reasonably be expected to have raised, the element of plaintiff's earning capacity would have to be considered because the rental contract contemplated plaintiff's labor, or, in the event he failed to labor, his providing such labor necessary to raise the crop. The determination of the net value of each crop on the land which defendant tendered, and upon the land which was embraced in the contract and which the defendant failed to deliver to plaintiff, the element of plaintiff's earning capacity was of necessity embraced in the tender and in the issue raised thereby, which issue we hold was properly submitted in the court's charge to the jury. To have charged the jury as contended for by the defendant would have been error. We therefore overrule defendant's assignment of error, and what has been said also disposes of defendant's other assignment of error.

For the reasons indicated, the case is in all things affirmed.